# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| STEVE BARTNICKI, | : | |
|---|---|---|
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-1725 |
| | : | |
| v. | : | |
| | : | (JUDGE MANNION) |
| SCRANTON SCHOOL DISTRICT, | : | |
| and ALEXIS KIRIJAN, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Pending before the court is the defendants' motion to dismiss the plaintiff's second amended complaint. (Doc. 26). Based upon a review of the motion and related materials, the motion to dismiss will be granted in part and denied in part.

By way of relevant background, the plaintiff filed the instant action on September 5, 2018. (Doc. 1). The defendants filed a motion to dismiss the original complaint on September 27, 2018. (Doc. 7). Prior to any ruling by the court on the defendants' motion to dismiss, on November 19, 2018, the plaintiff filed an amended complaint. (Doc. 18). The defendants responded on December 3, 2018, with a motion to dismiss the amended complaint. (Doc. 21). Rather than oppose the defendants' motion to dismiss the amended complaint, on December 18, 2018, the plaintiff filed a second amended complaint. (Doc. 23). On January 2, 2019, the defendants filed a motion to dismiss the plaintiff's second amended complaint (Doc. 26) followed by a

supporting brief on January 16, 2019 (Doc. 30). The plaintiff filed a brief in opposition to the defendants' motion on January 28, 2019 (Doc. 31), which was followed by the defendants' reply brief on February 11, 2019 (Doc. 32).

The defendants' motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See* Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See*, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

According to the general allegations in the plaintiff's second amended complaint, the plaintiff is employed as a high school teacher for the defendant

3

Scranton School District ("School District"). Defendant Alexis Kirijan was the Superintendent for the School District. The plaintiff alleges that defendant Kirijan was an official policymaker of the School District and, pursuant to Scranton School District Policy 309, she was responsible for assignment, reassignment, or transfers of district employees.

In the first of three counts in the second amended complaint, the plaintiff sets forth a First Amendment retaliation claim. In support of this claim, the plaintiff alleges that, in the summer of 2015, he was appointed to an executive position with the Union and, in that position, he represents employees who have been accused of misconduct. Throughout 2017-2018, the plaintiff alleges that he represented many employees.

In his position, the plaintiff alleges that he has been a vocal critic of defendant Kirijan and has appeared in the newspaper and on television criticizing the handling of various school district matters. On or about November 14, 2017, the plaintiff alleges that he gave a televised speech at a school board meeting criticizing the school administration. In or around December 2017, the plaintiff alleges that he spoke out at a school board meeting criticizing defendant Kirijan, specifically mentioning her corruption and gross malfeasance. After this, in or about February or March of 2018, defendant Kirijan is alleged to have mentioned the plaintiff at a school board meeting at which adult bullying was being discussed.

On or about March 20, 2018, the plaintiff appeared on the front page of

4

the Scranton Times in relation to an article regarding his protesting the school administration. Shortly thereafter, around the Easter holiday, the plaintiff alleges that defendant Kirijan went outside the work site and interfered with his volunteer activities for his church. Specifically, defendant Kirijan is alleged to have told the plaintiff's priest that she did not want the plaintiff to be a reader during mass stating that he attends school board meetings and upsets her and that she finds him offensive because of his speech.

On or about June 4, 2018, the plaintiff spoke out against the School District with respect to the furloughing of 99 employees. In the same month, the plaintiff alleges that he requested to teach an Honors class for the Fall 2018-2019 school year and was denied the same. The Scranton School District listed the Honor classes "TBA," even though the plaintiff has 14 years of experience and an unblemished work record.

In August 2018, the plaintiff applied for a soccer coaching position. He had been a soccer coach in the past. There were only two candidates for the position, the plaintiff and another individual, who was not a teacher. The plaintiff was not selected for the position, even though he alleges he was more qualified than the other applicant. The plaintiff alleges that he lost money because he was not selected for the position.

According to the plaintiff, he has no official duty to report school district and officials' misconduct, and he was acting as a citizen when he spoke out at school board meetings and appeared on television and in the newspaper.

The plaintiff alleges that he was acting as a citizen when he represented the union and that his free speech is a matter of public concern since it has been publicized and is of interest to the community.

In count two of his second amended complaint, the plaintiff sets forth a state law defamation claim. In support of this claim, the plaintiff alleges that defendant Kirijan called him "offensive" to his parish priest. The plaintiff alleges that he is not offensive and, therefore, that fact is false. The plaintiff alleges that defendant Kirijan knew that calling him offensive was false. In calling him offensive, the plaintiff alleges that defendant Kirijan was not expressing her opinion, but rather the fact that the plaintiff was offensive, and that she was motivated by ill will and malice when she stated this to the priest. The plaintiff alleges that defendant Kirijan intended to harm his reputation and deter the priest and others from associating with him and, specifically, that defendant Kirijan intended to have the priest stop the plaintiff from helping in parish activities such as reading at mass. The plaintiff alleges that defendant Kirijan's statement implies that he has acted in a way that would be inconsistent with the proper, honest and lawful performance of his profession and conveyed that the plaintiff was unfit to properly, honestly and lawfully perform his duties for the church.

Also in this count, the plaintiff alleges that defendant Kirijan mentioned his name during a discussion on adult bullying and implied that he was a bully. The plaintiff alleges that this statement is false and was motivated by

ill will and malice. Again, the plaintiff alleges that defendant Kirijan sought to deter others from associating with him by mentioning his name when discussing bullying.

Finally, in the third count of his second amended complaint, the plaintiff sets forth a state law false light invasion of privacy claim. Here, the plaintiff alleges that defendant Kirijan specifically made negative reference to him to his parish priest stating that he was offensive and requesting that he not be allowed to participate in parish activities, thereby placing him in false light to his priest by implying that he did something wrong. The plaintiff alleges that defendant Kirijan was specifically intending to harm him and was motivated by ill will and had malice toward him.

In their motion to dismiss the plaintiff's second amended complaint, the defendants initially argue that the plaintiff's First Amendment retaliation claims premised on his alleged non-selection to instruct an Honors course and non-appointment to the extracurricular position of soccer coach fail as against defendant Kirijan for lack of personal involvement. Specifically, the defendants argue that the plaintiff has not alleged any facts indicating that defendant Kirijan made the decision not to select him to instruct the Honors class or made the decision to not appoint him as the soccer coach. Moreover, the defendants argue that the plaintiff's second amended complaint does not contain any factual allegations that support the contention that defendant Kirijan had contemporaneous, personal knowledge of the plaintiff's non-

7

selection or non-appointment and acquiesced in it.

In response, the plaintiff argues that he has alleged that defendant Kirijan is the Superintendent for the Scranton School District and that, as Superintendent, pursuant to School District Policy 309[1], defendant Kirijan is responsible for the assignment, reassignment, or transfers of district employees. The plaintiff has alleged that, after speaking out against the School District and defendant Kirijan, his request to teach an Honors class was denied, as was his application for a soccer coaching position. The plaintiff argues, therefore, that he has sufficiently alleged defendant Kirijan's involvement in the decision not to place him in the Honors program and not to appoint him as the soccer coach.

Although the plaintiff's allegations are scant, drawing all reasonable inferences in the plaintiff's favor, as the court must do on a motion to dismiss, the court finds that the plaintiff has barely alleged enough to proceed with his retaliation claims based upon the failure to place him in the Honors program and the decision not to hire him for the soccer coaching position. The

---

[1]School District Policy 309 provides,

<u>Delegation of Responsibility</u>

The Superintendent or designee shall provide a system of assignment or reassignment for district employees that includes consideration of requests for voluntary transfers.

(Doc. 32, Ex. A).

8

defendants' motion to dismiss will therefore be denied on this basis.

The defendants next argue that defendant Kirijan was not acting under color of state law when she allegedly "told Plaintiff's priest that she does not want Plaintiff to be a reader during mass." To this extent, the defendants argue that the allegations indicate that defendant Kirijan violated the plaintiff's First Amendment rights "by going outside the work site and interfering with his volunteer activities for his Church," namely, by telling "Plaintiff's priest that she does not want Plaintiff to be a reader during mass." The defendants argue that such private conduct does not satisfy the "under-color-of-state-law element of §1983." The defendants argue that,

> "The traditional definition of acting under color of state law requires that the defendant in a §1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" See West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) (emphasis added). "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." See West, 487 U.S. at 50. "Thus, the essence of section 1983's color of law requirement is that the alleged offender, in committing the act complained of, abused a power or position granted by the state." See Bonenberger v. Plymouth Township, 132 F.3d 20, 24 (3d Cir. 1997); see also Mark v. Borough of Hatboro, 51 F.3d 1137, 1150 (3d Cir. 1995) ("[A]n otherwise private tort is not committed under color of law simply because the tortfeasor is an employee of the state"). "[T]he under-color-of-state-law element of §1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" See Am. Mfrs. Mut. Ins. Co., 526 U.S. at 50. "[A] state employee who pursues purely private motives and whose interaction with the victim is unconnected with his execution of official duties does not act under color of law." See Bonenberger, 132 F.3d at 24; see also Barna v. City of Perth Amboy, 42 F.3d 809, 816-17 (3d Cir.

9

1994).

(Doc. 30, pp. 9-10).

The defendants argue that because the alleged conduct by defendant Kirijan occurred outside of the work site and was related to a comment concerning the plaintiff's non-secular volunteer activities, her comment was not, as a matter of law, an exercise of her statutory authority as a public school superintendent, nor was her alleged comment "made possible only because [she was] clothed with the authority of state law." See West, 487 U.S. at 49.

The plaintiff responds that defendant Kirijan was acting pursuant to her authority as Superintendent because she mentioned school district business in her comments to the priest. Specifically, the plaintiff alleges that defendant Kirijan stated that the plaintiff attends school board meetings and upsets her. The plaintiff argues that, but for the fact that defendant Kirijan was a Superintendent, she would have no knowledge about the plaintiff's alleged offensive conduct at School Board meetings and that, but for her position, she would never have asked a third party to inflict her retaliatory actions upon the plaintiff based on events that occurred at School Board meetings.

"[T]he ultimate resolution of whether an actor was . . . functioning under color of law is a question of law for the court." See Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 344 n. 7 (4th Cir. 2000); Blankenship v. Buenger, 653 Fed.Appx. 330 (5th Cir. June 28, 2016) (collecting cases).

Here, the court finds that, simply because defendant Kirijan may have referenced the plaintiff's attendance at school board meetings during her conversation with the priest is insufficient to deem her activity under-color-of-state-law. There is no indication from the allegations of the plaintiff's second amended complaint that Dr. Kirijan was performing duties more akin to those performed by Superintendents in having the alleged conversation with the priest. See 24 P.S. §10-1081.[2] Rather, the allegations are more akin to defendant Kirijan having a private conversation regarding matters that affected her personally. Moreover, the plaintiff's argument that "[b]ut for the fact that Defendant Kirijan was a superintendent, she would have no knowledge about Plaintiff's alleged offensive conduct at School Board

---

[2] "The duties of district superintendents shall be to visit personally as often as practicable the several schools under his supervision, to note the courses and methods of instruction and branches taught, to give such directions in the art and methods of teaching in each school as he deems expedient and necessary, and to report ot the board of school directors any insufficiency found, so that each school shall be equal to the grade for which it was established and that there may be, as far as practicable, uniformity in the courses of study in the schools of the several grades, and such other duties as may be required by the board of school directors. The district superintendent shall have a seat on the board of school directors of the district, and the right to speak on all matters before the board, but not to vote."

See 24 P.S. §10-1081.

meetings" is unavailing, as the plaintiff himself acknowledges the open and public nature of the school board meetings and his activities, including that he has appeared on television and in the newspapers criticizing the School District and its officials. The court finds that the allegations of the plaintiff's second amended complaint fail to sufficiently allege that defendant Kirijan acted under-color-of-state-law when she allegedly engaged in the conversation with the plaintiff's parish priest. As such, the court finds the conduct non-actionable under §1983 and the defendants' motion to dismiss the plaintiff's retaliation claim will be granted on this basis.

Next, the defendants argue that the plaintiff has failed to adequately allege a state law claim for defamation based upon his allegations that defendant Kirijan called him offensive and implied that he was a bully. The defendants argue that these statements constitute statements of opinion and are not actionable.

To establish a prima facie claim of defamation under Pennsylvania law, a plaintiff must prove that: (1) the communication was defamatory in nature, (2) the communication was published by the defendant, (3) the communication applied to the plaintiff, (4) the recipient of the communication understood its defamatory meaning and its application to the plaintiff, and (5) the plaintiff suffered special harm as a result of the communication's publication. 42 Pa.C.S. §8343(a). It is for the court to determine, as a matter of law, whether a particular communication is capable of a defamatory

12

meaning. See U.S. Healthcare v. Blue Cross of Greater Phila., 898 F.2d 914, 923 (3d Cir. 1990); 12th St. Gym, Inc. v. Gen. Star Indem. Co., 93 F.3d 1158, 1163 (3d Cir. 1996). If a communication tends to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him, it will be considered defamatory. See 12th St. Gym, 93 F.3d at 1163. If words are simply annoying, embarrassing, or uncouth, they will not qualify as defamatory. See Beverly Enters. v. Trump, 182 F.3d 183, 187 (3d Cir. 1999). The "way in which the communication would have been interpreted by the reasonable, average person in its intended audience" constitutes the deciding factor as to whether words will qualify as defamatory. Karl v. Donaldson, Lufkin & Jenrette Sec. Corp., 78 F.Supp.2d 393, 397 (E.D.Pa. 1999). In tandem with the foregoing, is the Pennsylvania courts' recognition that 'statements of opinion, without more, are not actionable.'" Levenson v. Oxford Global Res., Inc., 2007 WL 4370911, at *5 (W.D.Pa. Dec. 11, 2007) (quotation omitted). Specifically, an opinion that could not reasonably be construed as implying undisclosed defamatory facts will not substantiate a claim. See Cornerstone Sys. v. Knichel Logistics, L.P., 255 Fed.Appx. 660, 665 (3d Cir. 2007) (reiterating that opinions may be defamatory only if the are "reasonably understood as implying . . . undisclosed facts" of a defamatory nature).

As to the plaintiff's allegation that defendant Kirijan stated "that Plaintiff attends school board meetings and upsets her and that *she* finds Plaintiff

13

offensive," (emphasis added), the court finds that this is the personal opinion of defendant Kirijan. No one could reasonably believe that defendant Kirijan's statement derived from any implied defamatory facts because it was exclusively the perspective of defendant Kirijan. Therefore, the court finds that the statement is not defamatory.

As to the plaintiff's allegation that defendant Kirijan mentioned his name while speaking on adult bullying, here, the plaintiff does not even allege that a specific statement was made about the plaintiff, only an implication. Even assuming that defendant Kirijan had actually stated that the plaintiff was a bully, such has been found to be a non-actionable opinion which is insufficient to support a claim of defamation. See Purcell v. Ewing, 560 F.Supp.2d 337, 344 (M.D.Pa. 2008).

In light of the foregoing, the court finds that the plaintiff has insufficiently pleaded a claim for defamation. Because the court finds that any amendment of the complaint would be futile on this basis, the plaintiff's claim for defamation will be dismissed with prejudice.

Finally, the defendants argue that the plaintiff has failed to state a claim for false light invasion of privacy. To establish an invasion of privacy/false light claim a plaintiff must show there was "publicity, given to private facts, which would be highly offensive to a reasonable person and which are not of legitimate concern to the public." Rush v. Phila. Newspapers, Inc., 732 A.2d 648, 654 (Pa.Super.Ct. 1999). In addition, there must be widespread

dissemination, and communication to only a few will not suffice. Id.

The plaintiff bases his false light claim on the statement allegedly made by defendant Kirijan to the plaintiff's priest. To the extent that defendant Kirijan told the plaintiff's priest that he attends school board meetings and upsets her and that she finds him offensive because of his speech, the court finds that this statement to the plaintiff's priest is not sufficient to satisfy the "widespread dissemination" element required to support a false light invasion of privacy claim. As such, the defendants' motion will be granted on this basis.

Based upon the foregoing, the defendants' motion to dismiss will be granted in part and denied in part. An appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 8, 2019**
18-1725-01.wpd