UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

STEVE BARTNICKI, :
:
Plaintiff : CIVIL ACTION NO. 3:18-1725
:
v. :
: (JUDGE MANNION)
SCRANTON SCHOOL DISTRICT, :
and ALEXIS KIRIJAN, :
Defendants :

## MEMORANDUM

Pending before the court is the report of Magistrate Judge Martin C. Carlson which recommends that the defendants' motion for summary judgment be granted and the claims against defendant Kirijan and for punitive damages against both defendants be dismissed. (Doc. 68). Objections have been filed to the report by both the plaintiff and the defendants. (Doc. 69, Doc. 71, respectively). Based upon a review of the record, the plaintiff's objections will be overruled, the defendants' objections will be sustained, and the report and recommendation will be adopted as modified herein.

By way of background, the plaintiff filed the instant action pursuant to 42 U.S.C. §1983, in which he alleged retaliation for exercising his First Amendment rights, as well as state law claims for defamation and false light

invasion of privacy against his employer, the Scranton School District, and the Superintendent of the School District, Dr. Alexis Kirijan. After the court's consideration of a motion to dismiss the plaintiff's second amended complaint, the only remaining claim is the First Amendment retaliation claim against the defendants for failing to place the plaintiff in the Honors program and failing to hire him for a soccer coach position. The plaintiff alleges that these actions were taken in retaliation for him being an open critic of the defendants in their handing of various matters.

On November 18, 2020, the instant action was referred to Judge Carlson for consideration of the defendants' motion for summary judgment. (Doc. 50). On April 1, 2021, Judge Carlson issued the instant report, in which he found that there are no genuine issues of material fact with respect to the plaintiff's claims against defendant Kirijan or his entitlement to punitive damages against either defendant. (Doc. 68). As such, he recommends that the motion for summary judgment be granted as to those claims. Judge Carlson noted that the defendants' motion only specifically addressed the First Amendment retaliation claims as to defendant Kirijan and, to the extent the claims are also brought against the School District, they should remain. The plaintiff filed objections to the report which are fully briefed (Doc. 69-70, 73), as did the defendants (Doc. 71-72, 74-75).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In his objections to Judge Carlson's report, the plaintiff argues that Judge Carlson should have considered a supplemental exhibit submitted by him which was a probable cause affidavit relating to criminal charges brought against defendant Kirijan after this action had been initiated. (Doc. 61). The plaintiff argues that the affidavit shows that defendant Kirijan had wide authority to make decisions on behalf of the School District.[1]

Upon review, the plaintiff's supplemental exhibit relates to criminal charges brought against defendant Kirijan concerning maintenance matters involving asbestos and lead at the School District. There is nothing within the document connecting defendant Kirijan to the failure of the plaintiff to be selected for the Honors class or failure to be assigned to the soccer coach position. The document is simply unrelated to the plaintiff's claims in this action, and the court finds no error on the part of Judge Carlson in declining to consider the document. The plaintiff's objections will be overruled in this respect.

The plaintiff further argues that, contrary to Judge Carlson's determination, defendant Kirijan was personally involved in the selection of

---

[1]Judge Carlson noted that the defendants filed a motion to strike the document, which should be dismissed as moot, since he determined that the motion for summary judgment should be granted without consideration of the exhibit.

the teacher for the Honors class and the soccer coach position. The plaintiff argues that Judge Carlson failed to consider all of the evidence which, if he had, would allow a jury to conclude that defendant Kirijan was personally involved. Specifically, the plaintiff argues that Judge Carlson discounted the importance of body language. Here, the plaintiff indicated that when he spoke with Principal Lalli about not being assigned to teach the Honors class, Principal Lalli "sort of put his hands up and shrugged," stating that the decision was not up to him. As provided by Judge Carlson "[o]n the basis of this gesture alone, [plaintiff] interpreted this statement and body language to mean that he was passed over for the position because he was so outspoken against SSD and Dr. Kirijan." Upon considering all of the evidence of record, including the plaintiff's own admissions, Judge Carlson determined that there simply was no evidence to support that defendant Kirijan was personally involved in the decision not to place the plaintiff in the Honors class or soccer coach position. The plaintiff argues that this conclusion characterized and weighed the evidence which the court is not permitted to do on summary judgment.

Upon review, the record demonstrates that the plaintiff himself admitted that he had no proof to sustain his retaliation claim against defendant Kirijan. Moreover, additional evidence in the record by way of an

affidavit from Principal Lalli establishes that defendant Kirijan played no role in the decision not to place the plaintiff in the Honors class. Furthermore, as to the soccer coach position, the evidence of record sets forth the process for coach selection and the coaching selection panel and procedure. It establishes that there was no evidence that defendant Kirijan played any role in the selection of the candidate for the soccer coach position. The evidence simply does not support the plaintiff's claim that defendant Kirijan was personally involved in either the failure to place him in the Honors class or the soccer coach position. As such, the plaintiff's objections will be overruled on this basis.

Finally, the plaintiff argues that Judge Carlson should have allowed the punitive damages claim to proceed. Despite the plaintiff's argument, as found by Judge Carlson, punitive damages are not available against the School District, a municipal entity. Moreover, the record fails to demonstrate that defendant Kirijan was involved in any retaliatory conduct against the plaintiff let alone reckless, callous or intentional conduct. As such, Judge Carlson properly determined that the defendants' motion for summary judgment should be granted as to the plaintiff's claims for punitive damages against both the School District and defendant Kirijan. The plaintiff's objections will be overruled on this final basis as well.

For their part, the defendants object to the report to the extent that Judge Carlson determined that the First Amendment retaliation claim should proceed against the School District because the defendants' motion did not specifically address the claim as against the School District. The defendants argue that because any claim by the plaintiff against the School District is based on a municipal liability claim under Monell[2] due to the actions of defendant Kirijan, and the underlying constitutional claim against defendant Kirijan has been dismissed, the Monell claim against the School District cannot stand. This court agrees. "[W]ithout an underlying constitutional violation, there can be no Monell claim." Hamilton v. Ctr. Cty. Tax Claim Bureau, No. 3:17-CV-1853, 2020 WL 5240583, at *4 (M.D. Pa. Sept. 2, 2020) (quoting Knellinger v. York St. Prop. Dev., LP, 57 F. Supp. 3d 462, 471 (E.D. Pa. 2014)). Since the plaintiff has not shown a constitutional violation, he cannot make out a Monell claim against the School District. As such, the court will sustain the defendants' objections and modify the report of Judge Carlson to include summary judgment in favor of the School District as well.

---

[2] Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

In light of the foregoing, an appropriate order shall issue.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 29, 2021**
18-1725-02